UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| RONNIE TOTTEN, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 12-23-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| RICHARD B. IVES, Warden, | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Ronnie Totten is a prisoner incarcerated at the United States Penitentiary-McCreary in Pine Knot, Kentucky.  Totten, proceeding without an attorney, has petitioned the Court to issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1]  Having reviewed the petition[1], the Court will deny relief because Totten's claims are not cognizable in a petition for a writ of habeas corpus pursuant to § 2241.

Totten states that on March 29, 1994, he pled guilty to Mayhem and First Degree Burglary in the Superior Court of the District of Columbia, and was sentenced to serve ten to thirty years in prison. [R. 1 at 2]  Totten alleges his attorney promised him that if he pled guilty "the Judge would drop the arms charge." [R. 1 at 5]  Totten's petition does not indicate that the Superior Court found him guilty of an "arms charge" in contravention of his counsel's

---

[1] The Court conducts a preliminary review of habeas corpus petitions.  28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, at \*1 (6th Cir. Oct. 22, 2002).  Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require.

1

understanding. [R. 1 at 2] Totten also asserts that he could not have been found guilty of First Degree Burglary because "a weapon was never found." [R. 1 at 5] However, Totten's petition does not indicate that a jury found him guilty of the offense; instead, he pled guilty to it. [R. 1 at 2] Finally, Totten alleges that he was found guilty based upon the testimony of "drug [addicted] witness" and because his attorney lied to him. [R. 1 at 6] However, Totten pled guilty to the offense, a jury did not find him guilty of it based upon the testimony of a "drug [addicted] witness." [R. 1 at 2] And while Totten now alleges his counsel engaged in serious misconduct, he never appealed his sentence or challenged it in any other proceeding. [R. 1 at 2]

The Court cannot reach the merits of Totten's claims, because he may not assert them in a habeas corpus petition under § 2241. A prisoner in federal custody pursuant to a conviction entered by the Superior Court of the District of Columbia must challenge the legality of his conviction or sentence by filing a post-conviction motion under D.C. Code § 23-110 in the Superior Court. *Swain v. Pressley*, 430 U.S. 372, 377-78 (1977); *Ford v. Rios*, 2009 WL 511136, at *3 (E.D. Ky. 2009).

Like 28 U.S.C. § 2255(e), D.C. Code § 23-110(g) provides a narrow exception to this rule, and permits a D.C. prisoner to challenge the legality of his conviction through a federal habeas petition, but only where his remedy under D.C. Code § 23-110 "is inadequate or ineffective" to test the legality of his detention. *Blair-Bey v. Quick*, 151 F.3d 1036, 1044 (D.C. Cir. 1998); *Perkins v. Henderson*, 881 F. Supp. 55, 57 (D.D.C.1995). But that mechanism is not inadequate or ineffective simply because the petitioner has been denied relief under it, *Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995), or as in this case, has never pursued relief under it, *James v. Edwards*, 1989 WL 4972, at *1 (D.D.C. 1989) ("[P]etitioner's

---

*Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

claim of ineffective assistance must be dismissed because petitioner has not raised this claim in the local courts.") (citing 23 D.C. Code § 110(g); *Swain v. Pressley*, 430 U.S. 372 (1972).").

This rule applies to all claims, but specifically applies to Totten's claims of ineffective assistance of counsel, *Mans v. Young*, 36 F. App'x 766, 767-68 (6th Cir. 2002) (ineffective assistance of counsel claim may not be pursued under Section 2241's savings clause where petitioner failed to establish any intervening change in the law and had prior opportunity to pursue claim in prior Section 2255 motion), and to his challenge to the sufficiency of the evidence, *Graham v. Sanders*, 77 F. App'x 799, 801 (6th Cir. 2003) (challenge to sufficiency of evidence to support conspiracy conviction could be raised on appeal and under Section 2255, rendering relief under Section 2241 unavailable). Totten's petition must therefore be denied.

Accordingly, **IT IS ORDERED** that:

1. Totten's petition for a writ of habeas corpus [R. 1] is **DENIED.**

2. The Court will enter an appropriate judgment.

This 23rd day of April, 2012.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge